# Exhibit C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No.: 09-CR-10330-GAO |
| v. | |
| (1) STRYKER BIOTECH, LLC, <br> (2) MARK PHILIP, <br> (3) WILLIAM HEPPNER, <br> (4) DAVID ARD and <br> (5) JEFFREY WHITAKER, <br><br> Defendants. | |

## GOVERNMENT'S EXPERT DISCLOSURE

Further to the government's discovery obligation pursuant to Fed. R. Crim. Proc. 16 (a)(1)(G) and this Court's Order dated Court's February 9, 2010 Order, the government submits the following with respect to potential expert testimony at the trial of this matter. The government's list of potential experts, attached hereto as Exhibit A, consists of witnesses whose primary testimony will be factual observations and impressions made: (1) during and after interacting with Stryker Biotech and its employees/agents; and (2) while providing care and treatment to certain patients involving one or more of Stryker Biotech's medical devices (OP-1 Implant, OP-1 Putty and Calstrux). None of these witnesses is an expert witness within the classic definition of an expert witness (a non-fact witness retained for the purpose of reviewing facts/testimony in order to proffer an opinion). None of these witnesses has been "retained" by the government and none is being paid any expert or other fee by the government. Nor have they conducted any examinations or tests at the government's request. Rather, with the exception of

the FDA employees listed (Aric Kaiser and Erin Keith) each of these listed individuals is a surgeon to whom Stryker Biotech (and its employees/agents) promoted its products (OP-1 and Calstrux), and who used one or more of these products in surgeries. As set forth in their memoranda of interview, the FDA witnesses are expected to testify primarily about the medical device regulatory process, with an emphasis on the Humanitarian Device Exemption, and about various interactions between Stryker Biotech and the FDA regarding the medical devices at issue.

The government believes that the testimony it will adduce at trial from the surgeon witnesses will be factual, as reflected in their memoranda of interview and/or grand jury testimony. That testimony will include, without limitation, the facts of their encounters with Stryker Biotech employees/agents, their understanding from the Stryker Biotech employees/agents of the various Stryker Biotech products and regulatory approvals and processes attendant to those products, and their use and observation of the products before, during and after surgeries. The government submits that this is not expert testimony governed by Fed. R. Evid. 702. However, if the Court determines that some aspect of this testimony is governed by Fed. R. Evid. 702, out of an abundance of caution the government is making this disclosure.

As set forth in Exhibit A below, the references to the memoranda of interview, and when applicable grand jury testimony, set forth the written summary of the testimony the government plans to offer. A full CV for each witness is being produced to counsel for the defendants under separate cover.

                                    CARMEN M. ORTIZ
                                    United States Attorney

By:   /s/Jeremy M. Sternberg
       Jeremy M. Sternberg
       Susan G. Winkler
       Assistant United States Attorneys
       One Courthouse Way, Suite 9200
       Boston, MA 02210
       (617) 748-3100

Dated: November 9, 2010

### Certificate of Service

I hereby certify that the foregoing documents filed through the ECF system will be sent electronically to counsel for each defendant who is a registered participant as identified on the Notice of Electronic Filing (NEF).

                                    /s/Jeremy M. Sternberg
                                    Jeremy M. Sternberg
                                    Assistant U.S. Attorney

Dated: November 9, 2010