UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>(1) STRYKER BIOTECH, LLC,<br>(2) MARK PHILIP,<br>(3) WILLIAM HEPPNER,<br>(4) DAVID ARD and<br>(5) JEFFREY WHITAKER,<br><br>Defendants. | Criminal No: 09-CR-10330-GAO |

## DEFENDANT MARK PHILIP'S MOTION TO SEVER COUNT 15

Defendant Mark Philip hereby moves, pursuant to Federal Rules of Criminal Procedure 8(b) and 14, to sever and try Count 15 separately from the misbranding offenses charged in Counts 1-14.

Philip adopts and incorporates the legal arguments in the Memorandum in Support of the Motion of Defendants Heppner, Ard, and Whitaker to Sever Count 15 (Dkt. # 133) and in Defendant Stryker Biotech's Memorandum of Law in Support of Motion to Sever Count 15 (Dkt # 136).

As further support, Philip states:

1. Count 15 charges Stryker Biotech with falsely stating the number of patients that had been treated with OP-1 Putty in its annual report filed with the FDA in April 2007. Specifically, the indictment alleges that Stryker Biotech knowingly and willfully made a false statement by reporting: "'Since 2 units of OP-1 Putty are used per patient, it is estimated that 3117 patients have been treated during this reporting period,' when in fact Stryker Biotech knew

that less than 2 units were used per patient and that more than 4,000 patients had been treated during that year." *See* Indictment ¶¶ 70-78.

2.      Count 16 charges Philip with concealing – during the period of October, 2007 through February, 2008 (i.e. between the 2007 and 2008 annual reports) – that Stryker Biotech was treating more than 4,000 patients per year with OP-1 Putty.

3.      Philip moved to dismiss Count 16 on September 21, 2010 because (1) the Indictment fails to include every essential element of the offense; (2) neither Philip, nor Stryker Biotech had a duty to disclose the allegedly concealed fact at the time Philip is alleged to have concealed it; (3) Philip could not have aided and abetted Stryker Biotech's concealment since Stryker Biotech voluntarily disclosed the material fact Philip is alleged to have concealed; and (4) there is no nexus between the alleged concealment of information from Stryker Biotech's outside counsel and the lawful function of the FDA.  This motion is still pending.

4.      After the motion was argued, counsel for Philip met with the Government and explained that Count 16 was factually flawed – that wholly apart from the legal deficiencies that were the subject of the motion to dismiss, Philip just did not do what he was accused of doing in Count 16.  The Government responded to this presentation by filing an Assented-to Motion to Dismiss Count 16, which has not yet been ruled on but which Philip assumes will be granted by the Court.

5.      Of the remaining counts, Philip, along with all of the other defendants, is charged with five counts of wire fraud for allegedly defrauding surgeons with respect to the mixture of OP-1 and Calstrux (Counts 1-5) and one count of a two-prong conspiracy (conspiracy to defraud the FDA and conspiracy to commit felony misbranding) by causing written mixing instructions to be provided to surgeons for the mixture of OP-1 and Calstrux, which "use" is not included in

the FDA-approved labeling of OP-1 (Count 6).  Counts 7-14 are against Stryker Biotech and Defendants Ard and Whitaker for specific instances of alleged felony misbranding of OP-1.

6. The Indictment does not allege that the supposed falsification of the 2007 OP-1 Putty Annual Report in Count 15 was somehow part of the criminal conduct in which all five defendants are alleged to have participated and from which Counts 1 through 14 arise.

7. The Indictment does not allege that Philip participated in or supervised in the drafting or filing of the supposedly false 2007 OP-1 Putty Annual Report or was even aware of the content of this report.

8. In fact, the Indictment does not allege, nor has the Government disclosed, any specific person at Stryker Biotech who allegedly participated in the drafting or filing of the supposedly false 2007 Annual Report and who was aware of the actual usage of OP-1 Putty.

9. Given Philip's former position as president of Stryker Biotech, it is likely that the Government will attempt to include him in its proof of Count 15, even though he has never been indicted for that conduct, so that it can satisfy the collective knowledge aspects of *United States v. Bank of New England*, 821 F.2d 844 (1st Cir. 1987).

10. This would be particularly unfair given that the Government has moved to dismiss Count 16 – a similar but not identical charge – after receiving evidence of Philip's actual innocence.

11. Since Philip served as Stryker Biotech's President during the relevant period there is a very serious risk that the jury might "blame" Philip for the allegedly false 2007 Annual Report and find him guilty on the other counts on that basis.

12. Moreover, Philip disputes the veracity of almost all of the allegations in paragraphs 70-78 of the Indictment and would be forced to challenge the Government's proof at the trial on Count 15 even though he himself is not a named defendant in Count 15.

13. Accordingly, the prejudice that would arise from trying Count 15 with the misbranding counts would be the most grave for Philip.

## REQUEST FOR ORAL ARGUMENT

Defendant respectfully requests that oral argument be scheduled on this motion.

WHEREFORE, as further set out in the Memorandum in Support of the Motion of Defendants Heppner, Ard, and Whitaker to Sever Count 15 and in Defendant Stryker Biotech's Memorandum of Law in Support of Motion to Sever Count 15, Defendant Philip respectfully moves the Court to sever and try Count 15 of the Indictment separately from the misbranding offenses charged in Counts 1-14.

Dated: September 14, 2011

Respectively submitted,

/s/ Stephen G. Huggard
/s/ Hilary B. Dudley
Stephen G. Huggard (BBO #622699)
Hilary B. Dudley (BBO #664165)
EDWARDS ANGELL PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA  02199
Telephone:  (617) 239-0100
Facsimile:   (617) 227-4420
shuggard@eapdlaw.com
hdudley@eapdlaw.com

**LOCAL RULE 7.1(A)(2) CERTIFICATION**

I hereby certify that on September 12, 2010, Stephen G. Huggard discussed this motion with AUSA Susan Winkler. After conferring in good faith, AUSA Winkler and Attorney Huggard were unable to resolve or narrow the issues presented by this motion.

    /s/ Hilary B. Dudley
Hilary B. Dudley

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be served electronically to the registered participants identified on the Notice of Electronic Filing ("NEF"), and that paper copies will be sent via electronic mail to those identified on the NEF as non-registered participants on September 14, 2011.

    /s/ Hilary B. Dudley
Hilary B. Dudley

BOS111 12634236.1