UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>(1) STRYKER BIOTECH, LLC<br>(2) MARK PHILIP<br>(3) WILLIAM HEPPNER<br>(4) DAVID ARD and<br>(5) JEFFREY WHITAKER,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 1:09-cr-10330-GAO<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' OPPOSITION TO GOVERNMENT'S MOTION TO EXCLUDE

The Government has moved the Court to "preclude defendants from introducing any material as exhibits or referring to material . . . at trial in this matter if such material is not provided to the government on or before September 30, 2011."[1]  Motion to Exclude, Dkt. No. 130 at 2 (Sept. 9, 2011) (citing Rules of Criminal Procedure 16(b)(1)(A) and (B)).

Defendants are puzzled by the Government's motion, which the Government filed in spite of Defendants' good-faith attempt to reach a negotiated agreement with the Government on this particlar discovery issue.  Rule 16(b)(1)(A) requires Defendants to "permit the government,

---

[1] In a separately-filed motion, the Government has argued that the Court should exclude the anticipated testimony of Defendants' expert witness Dr. William Caton, a world-renowned neurosurgeon who has successfully treated dozens of patients with the OP-1/Calstrux mixture, because, *inter alia*, Defendants have not yet provided the Government with copies of the medical records of those patients. *See* Motion to Exclude, Dkt. No. 131 at 8 (Sept. 9, 2011).  In that motion, the Government stops short of asserting that Rule 16(b)(1)(C), which requires a defendant merely to "describe" the "bases and reasons" for its expert's opinions, obligates Defendants to provide the Government with *copies* of those medical records, nor has the Government identified any other rule that would plainly require such disclosure. Nevertheless, in the spirit of cooperation, Defendants have advised the Government that they will shortly be providing the Government with copies of the medical records in question.  Defendants will not further address that separate discovery issue in this opposition brief.

upon request, to inspect and to copy" documents within Defendants' "possession, custody, or control" that they "intend[ ] to use . . . in [their] case-in-chief at trial."[2]  We are still more than 100 days out from trial.  Defendants advised the Government during the parties' Rule 7.1 conference that they have not yet formed an intention to use any particular documents in their case-in-chief and thus do not yet have any Rule 16(b)(1)(A) material to disclose.  Furthermore, the Government has offered no legal authority for its argument that Defendants should be forced to choose by the completely arbitrary deadline of September 30, 2011 what materials they will use in their case-in-chief.  Defendants are likewise unaware of any legal basis for either the deadline or the relief that the Government's motion seeks.  The Court should thus summarily reject the Government's motion.

The Government's motion is ill-founded for an additional reason: because the Government has not yet fulfilled its discovery obligations under Rule 16(a)(1)(E)(ii), Defendants' obligations under Rule 16(b)(1)(A) have not even been triggered.  Under Rule 16(a)(1)(E)(ii), "the government must identify specifically which items it intends to use in its case-in-chief at trial.  It may not [simply] identify a large number of documents that it may or may not seek to introduce at trial."  *United States v. O'Keefe*, No. 06-0249, 2007 U.S. Dist. LEXIS 31054, at *6 (D.D.C. Apr. 27, 2007).  Similar to *O'Keefe*, the Government in this case has produced to Defendants the millions of pages of documents it obtained from Stryker Biotech and various third parties during the grand jury process, but it has not yet identified the particular

---

[2] Defendants already have advised the Government that they have not performed any examinations or tests the results of which would be discoverable under Rule 16(b)(1)(B).  Defendants currently do not expect that any such examinations or tests will be performed between now and trial, though Defendants do not waive their right to conduct such examinations or tests.

-3-

documents on which it intends to rely in its case-in-chief.[3]  *Cf., e.g.*, *United States v. De La Cruz Paulino*, 61 F.3d 986, 993 (1st Cir. 1995) (holding that "open file" discovery does not provide a defendant with notice of "which evidence the government intends to use at trial").  Accordingly, the Government's demand for Defendants' Rule 16(b)(1)(A) disclosures is premature as a matter of law.  *See United States v. Anderson*, 416 F. Supp. 2d 110, 115 (D.D.C. 2006) ("[Rule 16 contemplates a] reciprocity of obligations between the defendant and the government . . . . [F]or the intended reciprocity to be effectuated, the government must identify what it intends to rely on in its case-in-chief at trial before the defendant must identify what he intends to rely on in his.").

Defendants and the Government already have agreed upon a schedule for pre-trial exchange of their respective exhibit lists.  Defendants believe that those agreed-upon deadlines provide the parties with adequate notice of (and, if necessary, access to) the specific documents that the opposing party intends to use during its respective case-in-chief.  There is thus no need for the Court to impose any additional, earlier deadlines on either Defendants or the Government.

---

[3] To be sure, the Government did provide Defendants with a separate file of the exhibits it used in the grand jury.  But the Government has not indicated which, if any, of those grand jury exhibits it plans to use during its case-in-chief, nor has it indicated which, if any, additional documents it will use during its case-in-chief.

## CONCLUSION

For the foregoing reasons, the Government's motion to exclude should be denied.

                              Respectfully submitted,

| STRYKER BIOTECH, LLC | MARK PHILIP, |
|---|---|
| */s/ Joshua S. Levy* | */s/ Stephen G. Huggard* |
| By: Brien T. O'Connor (BBO #546767) | By: Stephen G. Huggard (BBO #622699) |
| Joshua S. Levy (BBO #563017) | Edwards Angell Palmer & Dodge |
| Ropes & Gray LLP | 111 Huntington Avenue |
| Prudential Tower | Boston, MA 02199 |
| 800 Boylston Street | 617-239-0769 |
| Boston, MA 02199 | shuggard@eapdlaw.com |
| 617-951-7000 | |
| Brien.O'Connor@ropesgray.com | |
| Joshua.Levy@ropesgray.com | |

| WILLIAM HEPPNER, | DAVID ARD, |
|---|---|
| */s/ Robert L. Ullmann* | */s/ Brent Gurney* |
| By: Robert L. Ullmann (BBO #551044) | By: Brent Gurney (*pro hac vice* admission) |
| Nutter McClennen & Fish, LLP | Wilmer Cutler Pickering Hale & |
| 155 Seaport Blvd. | Dorr, LLP |
| Boston, MA 02210 | 1875 Pennsylvania Ave. |
| 617-439-2262 | Washington, D.C. 20006 |
| rullmann@nutter.com | 202-663-6000 |
| msethi@nutter.com | Brent.Gurney@wilmerhale.com |

JEFFREY WHITAKER,

   */s/ Frank A. Libby, Jr.*
By: Frank A. Libby, Jr. (BBO #299100)
    LibbyHoopes
    175 Federal Street
    Boston, MA 02110
    617-338-9300
    falibby@libbyhoopes.com

Dated: September 30, 2011

-6-

## **CERTIFICATE OF SERVICE**

   I, Joshua Levy, certify that the foregoing brief in opposition was electronically filed on the 30th day of September, 2011 and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing ("NEF") and that paper copies will be sent to those indicated as non-registered participants on September 30, 2011.

                */s/ Joshua Levy*_____
                Joshua Levy