UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,  )  <br> ) <br> ) <br> v.  ) <br> ) <br> **(1) STRYKER BIOTECH, LLC,**  ) <br> **(2) MARK PHILIP,**  ) <br> **(3) WILLIAM HEPPNER,**  ) <br> **(4) DAVID ARD and**  ) <br> **(5) JEFFREY WHITAKER,**  ) <br> ) <br> **Defendants.**  ) <br> ) | Criminal No.: 09-CR-10330-GAO |

## GOVERNMENT'S MOTION TO EXCLUDE TESTIMONY OF DEFENSE EXPERTS DISCLOSED ON DECEMBER 19, 2011

The government hereby moves to exclude expert testimony of three defense experts, two surgeons and a Ph.D. physiologist, who were identified by defendants as experts three weeks before trial (on December 19, 2011). The testimony of these experts should be excluded for two reasons. First, defendants did not timely identify these experts. There is nothing "new" about the subject areas of the recently proffered experts – the two new surgeons appear to bolster the views of the experts designated by defendants over a year ago (November 9, 2010) on such topics as the standard of care among surgeons for use of Calstrux and OP-1, whether adding Calstrux to OP-1 impacts the mechanism of action of OP-1, and their views on the safety of a combined Calstrux and OP-1 medical device, while the physiologist will apparently seek to opine about the safety and efficacy of a combination of Calstrux and OP-1 in surgical procedures performed on sheep. Three weeks before trial, defendants have identified these new experts and

provided over 100 pages of materials about them and their anticipated opinions, with no explanation as to the timing. Second, these newly identified experts, should be excluded, or at least prohibited from testifying as experts about subjects that are in the nature of fact witness testimony (such as the reasons Dr. Wong used Calstrux) or about subjects on which they have not performed any study (such as Dr. Wong and Dr. Langworthy's conclusions that the combination of Calstrux and OP-1 does not change the mechanism of action of OP-1). As support for this motion, the government refers the Court to, and incorporates by reference, its previously filed motion to exclude the testimony of defense experts Grauer and Caton (Docket # 131).

For all the foregoing reasons, the United States respectfully requests that the Court allow this motion.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By   /s/Jeremy M. Sternberg
Jeremy M. Sternberg
Susan G. Winkler
Gregory F. Noonan
Assistant U.S. Attorneys
One Courthouse Way
Boston, MA 02210
(617) 748-3100

Date: December 28, 2011

## Local Rule 7.2 Certification

Undersigned counsel conferred with counsel for Stryker Biotech, Joshua Levy, on December 28, 2011, and was unable to resolve or narrow the issues raised by this motion.

/s/Jeremy M. Sternberg
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/Jeremy M. Sternberg
Jeremy M. Sternberg
Date: December 28, 2011   Assistant United States Attorney